**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30014 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00028-RRB-1 |
| v. | |
| KALEB L. BASEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Kaleb L. Basey appeals pro se from the district court's order denying

reconsideration of its denial of Basey's motion for return of property under Federal

Rule of Criminal Procedure 41(g).  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing de novo, *see United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Basey's motion to appoint counsel to permit oral argument is therefore denied.

2008), we affirm.

As an initial matter, we are not persuaded by the government's argument that Basey's pending 28 U.S.C. § 2255 motion renders his criminal proceedings "ongoing," such that we lack jurisdiction over this appeal. The government cites no authority to support this assertion, and our precedent suggests that criminal proceedings are over for purposes of a Rule 41(g) motion once the defendant is convicted. *See Harrell*, 530 F.3d at 1057. Likewise, Basey is correct that, given the timing of his motion, the government had the burden of showing a legitimate need to retain the property. *See id.*

Nevertheless, the government met its burden here. Even assuming the district court should have treated the government's opposition to Basey's motion as a motion for summary judgment, it provided Basey an opportunity to respond in the form of a motion for reconsideration. In his motion for reconsideration, Basey failed to raise a genuine issue as to any material fact. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). Nor has he done so on appeal. The government demonstrated a reasonable need to retain the property in light of Basey's pending collateral attack on his 2017 convictions. *See United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Basey's motion to expedite is denied as moot.

**AFFIRMED.**